150 A.3d 934

IN THE MATTER OF MICHAEL Z. MANDALE, AN ATTORNEY
AT LAW (ATTORNEY NO. 016812005)

DECEMBER 07, 2016

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15–389, concluding that as a matter of reciprocal

discipline pursuant to *Rule* 1:20–14(a)(4)(E), **MICHAEL Z. MAN-DALE** of **PHILADELPHIA, PENNSYLVANIA**, who was admitted to the bar of this State in 2005, should be suspended from the practice of law for a period of, one year based on discipline imposed in the Commonwealth of Pennsylvania for respondent's unethical conduct in multiple client matters that in New Jersey constitutes violations of *RPC* 1.3 (lack of diligence), *RPC* 1.4(b)(failure to communicate with the client), *RPC* 1.4(c)(failure to explain a matter to the extent necessary to permit client to make informed decisions regarding the representation) *RPC* 1.5(b(failure to communicate in writing the basis or rate of the fee), *RPC* 1.15(a)(comingling), *RPC* 1.15(b)(failure to promptly disburse funds to client or third party), *RPC* 1.15(c)(failure to safeguard disputed funds), *RPC* 1.16(d)(failure to protect the client's interests on termination of the representation), *RPC* 5.5(a)(unauthorized practice of law), *RPC* 7.1(a) (false or misleading communications about the lawyer or the lawyer's services), *RPC* 7.5(a)(use of a firm name, letterhead, or other professional designation that violates *RPC* 7.1), *RPC* 8.4(a)(knowingly violating the *RPC*s), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), *RPC* 8.4(d)(conduct prejudicial to the administration of justice), and *Rule* 1:20–20 (failure to comply with rule governing the activities of suspended or disbarred attorneys); and good cause appearing;

It is ORDERED that **MICHAEL Z. MANDALE** is suspended from the practice of law for a period of one year, effective immediately, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files

proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.